**BENJAMIN GUBERNICK** (SBN 321883)
Gubernick Law P.L.L.C.
10720 W. Indian School Rd., Suite 19, PMB 12
Phoenix, AZ 85037
(734) 678-5169
ben@gubernicklaw.com

**MARSHALL C. SANDERS** (SBN 52769)
Law Offices of Marshall C. Sanders
P.O. Box 7190
Van Nuys, CA 91409
(818) 368-5345
(818) 475-5117 (FAX)
mcsanderslaw@gmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON ANDREW BOWMAN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CHECKR INC., a Delaware corporation;<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>[CLASS ACTION]<br><br>1. VIOLATION OF THE FAIR CREDIT REPORTING ACT;<br>2. VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT.<br><br>(Jury Trial Demanded) |

Harrison Andrew Bowman ("Plaintiff") through undersigned counsel, on behalf of himself and all others similarly situated, brings this Class Action Complaint against Checkr Inc. ("Defendant" or "Checkr"), and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF ACTION

1. This national class action seeks recovery for people who were the subjects of misleading background reports prepared by Defendant.

2. Employers contract with Defendant to conduct background checks on job applicants. Defendant searches various databases and compiles the information it collects into a written document which it sends to the employer.

3. However, the picture these reports paint is often inaccurate. Specifically, Defendant routinely includes information in its reports about purported criminal offenses that did result in a conviction. And worse, Defendant presents the information about the alleged offense in a way that suggests the subject of the report was convicted.

4. That is exactly what happened to Plaintiff, who was denied employment as a driver at DoorDash, Inc. after a Checkr background report indicated Plaintiff had been charged and convicted of driving under the influence. Although Plaintiff was initially cited for the offense by a police officer in Utah, the results of a blood alcohol test revealed he was well under the legal limit. As a result, the government declined to even pursue the charge. Nonetheless, the background report produced by Checkr stated that Plaintiff's "Violations" included "DRIVING UNDER INFLUENCE OF ALCOHOL OR DRUGS" (capitalizations original) and listed a "Disposition Date" for the charge.

5. Defendant's background reports do not meet the minimum standards required by the federal Fair Credit Reporting Act ("FCRA") and California's Investigative Consumer Reporting Agencies Act ("ICRAA"). Accordingly, Plaintiff and all members of the putative class are entitled to statutory damages.

## PARTIES

6. Plaintiff Harrison Andrew Bowman is an individual residing in Maricopa Country, Arizona.

7.    Defendant Checkr, Inc. is a Delaware corporation. Its principal place of business is located at 1 Montgomery St., San Francisco, California 94108.

**JURISDICTION AND VENUE**

8.    This Court has original jurisdiction over this matter because Plaintiff's claims raise a federal question. *See* 28 U.S. Code § 1331.

9.    Venue is proper in this district because Defendant is headquartered in the Northern District of California.

**FACTUAL ALLEGATIONS**

10.   According to its website, Checkr is a background check company that is "building a better future for everyone by making hiring better, fairer, and more efficient." *See* <https://checkr.com/company> (accessed November 17, 2020).

11.   Checkr builds this "better future" by selling consumer reports to employers who are screening job applicants. These reports purport to contain information about the applicant's criminal record.

12.   Checkr uses standardized practices to generate its background reports. It harvests information from various online databases that are either publicly available or for which Checkr has purchased a subscription. It then inputs the information it finds into standardized templates.

13.   However, the fields in these standardized templates are woefully inadequate to present truthful information about many applicants' criminal records. For example, Checkr's "Motor Vehicle Reports" list as "Violations" driving-related criminal offenses for which the applicant was charged but not ultimately convicted. The "Motor Vehicle Reports" will also include a "Disposition Date" even if the charge was dismissed or resulted in an acquittal. The "Motor Vehicle Report" Defendant generated on Plaintiff is illustrative:

///

///

///

///

///

| Motor Vehicle Report | | Consider |
|---|---|---|
| **F5756607 (CA)** | | |
| License Status | VALID | |
| License Type | PASSENGER | |
| License Class | C | |
| License Expiration Date | Oct 18, 2022 | |
| License Issued Date | Feb 5, 2018 | |
| License First Issued Date | - | |

**Violations**

| DRIVING UNDER INFLUENCE OF ALCOHOL OR DRUGS | | Mar 5, 2018 |
|---|---|---|
| Description | DRIVING UNDER INFLUENCE OF ALCOHOL OR DRUGS | |
| Issued Date | Mar 5, 2018 | |
| Disposition Date | Apr 4, 2018 | |
| State | UT | |
| State Code | O/S-79 | |

| SPEEDING | | Mar 5, 2018 |
|---|---|---|
| Description | SPEEDING | |
| Issued Date | Mar 5, 2018 | |
| Disposition Date | Jul 3, 2018 | |
| Points | 1 | |
| State | UT | |
| State Code | O/S-01 | |

14. On March 5, 2018, Plaintiff was pulled over by law enforcement in Juab County, Utah. The officer initially cited Plaintiff for driving 9 miles over the speed limit, and for driving while under the influence of alcohol or drugs. However, Plaintiff submitted to a blood alcohol test, the results of which conclusively established that he was not guilty of the latter offense.

15. Based on the test results, the government did not formally charge Plaintiff with driving under the influence. Accordingly, Plaintiff was never convicted of the crime.

16. In or around September of 2020, Plaintiff applied for a position as a driver in Los Angeles County for DoorDash, Inc. ("DoorDash"), a food delivery company. Plaintiff had recently been honorably discharged from the United States Marines.

17. As part of its applicant screening process, DoorDash paid Defendant to conduct a background check on Plaintiff. Defendant generated a report that it provided to DoorDash. And as depicted above, the report indicated that Plaintiff had committed the violation of driving under the influence. As a result of this entry in Checkr's report, Plaintiff was denied employment by DoorDash.

18. In or around September of 2020, Plaintiff also applied for a job with Bank of America ("BoA"). BoA also purchased a background report from Checkr as part of its employment screening process. The report Checkr produced also falsely represented that Plaintiff had driven while under the influence, and based on that representation BoA revoked its offer of employment. However, after Plaintiff explained that the information in Checkr's report was erroneous, BoA once again offered Plaintiff a job.

## CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent the following class of persons:

> **The Class**: All persons who, during the Class Period, were the subjects of a Checkr background report that listed a criminal charge and disposition date for the charge, but who were not convicted of the charge.

The Class Period starts two years prior to the filing of this Complaint and continues to the date of judgment.

20. Specifically excluded from the Class are: (a) any officers, directors or employees of Defendant; (b) any judge assigned to hear this case (or spouse or immediate family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case; and (e) any attorneys of record and their employees.

21. Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses, or by limitation to particular issues.

22. **Numerosity**. Class members are so numerous that joinder of each individual class member would be impracticable and unfeasible, and the disposition of their claims as a class will benefit the

parties, the Court, and the interests of justice.

23. **Ascertainability**. The proposed Class is ascertainable from objective criteria. Specifically, Defendant maintains business records which include the names, contact information and other identifying information of members of the proposed Class.

24. **Commonality and Predominance**. There is a well-defined community of interest among the Class's members and common questions of *both* law and fact predominate over questions affecting individual members. These common legal and factual questions include, but are not limited to, whether (1) Checkr uses reasonable procedures to assure maximum possible accuracy of the information in its background reports; and (2) whether the information contained in Checkr's background reports is misleading in such a way and to such an extent that it can be expected to adversely impact the subjects of the reports.

25. **Typicality**. Plaintiff's claims are typical of those of all Class members in that they arise out of the same course of conduct of Defendant, and enable him to seek the same relief under the same theories of recovery. The effort Plaintiff undertakes to pursue his claims will significantly benefit the Class' members because of the identical nature of the issues across the Class.

26. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff shares a common interest with the Class' members. Plaintiff has suffered an injury-in-fact because of Defendant' conduct, as alleged herein. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex class action litigation. Plaintiff and his counsel will prosecute this action vigorously and faithfully for the benefit of the Class' members. Plaintiff has no interests contrary to the Class' members, and will fairly and adequately protect the interests of the Class.

27. **Community of Interest.** The proposed Class has a well-defined community of interest in the questions of fact and law to be litigated. These common questions of law and fact predominate. The named Plaintiff's claims are typical of the Class' members.

28. **Superiority**. The certification of the Class in this action is superior to the litigation of a multitude of cases by members of the putative Class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Moreover, there are members of the Class who are

unlikely to join or bring an action due to, among other reasons, their reluctance to spend large sums of time and money to recover a relatively modest individual recovery. Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among Class members in relationship to the benefits received. The damages and other potential recovery for each individual member of the Class are modest relative to the substantial burden and expense of individual prosecution of these claims. Given the dollar amount of the individual members of the Class' claims, few, if any, could or would afford to seek legal redress individually for the wrongs complained of herein. Even if the members of the Class could afford individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

29. In the alternative, the above-referenced Class may be certified because:

(a) The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members' claims which would establish incompatible standards of conduct for Defendant;

(b) The prosecution of separate actions by individual members of the Class would create a risk of adjudications which would as a practical matter be dispositive of the interests of other members of the Class who are not parties to the adjudications, or which would substantially impair or impede the ability of other members to protect their interests; and,

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class.

**FIRST CAUSE OF ACTION**

**15 U.S.C. § 1681e(b)**

**(Class Claim)**

30. Plaintiff incorporates all preceding and succeeding allegations as if fully set forth herein.

31. Defendant is a "person" and "consumer reporting agency" as defined by FCRA. *See* 15

U.S.C. § 1681e(a) and (f).

32. Defendant's background reports are "consumer reports" as defined by FCRA. *See* 15 U.S.C. § 1681e(c).

33. Under 15 U.S.C. § 1681n and 1681o, Defendant is liable to Plaintiff and the Class for failing to maintain reasonable procedures to assure the maximum accuracy of the information in the consumer reports it sold. *See* 15 U.S.C. § 1681e(b).

## SECOND CAUSE OF ACTION

### Cal. Civ. Code §§ 1786.18(a), 1786.20(b), 1786.28(b)

### (Individual Claim)

34. Plaintiffs incorporate all preceding and succeeding allegations as if fully set forth herein.

35. Defendant is a "person" and "investigative consumer reporting agency" as those terms are used in ICRAA. *See* Cal. Civ. Code § 1786.2(b) and (c).

36. Defendant violated ICRAA by, on two occasions, furnishing an investigative consumer report that included arrest, indictment, information, or misdemeanor charge even though Defendant had learned that a conviction did not result. *See* Cal. Civ. Code § 1786.18(a),

37. Defendant further violated ICRAA by, on two occasions, failing to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff. *See* Cal. Civ. Code § 1786.20(b).

38. Defendant further violated ICRAA by, on two occasion, failing to maintain strict procedures to ensure that information likely to have an adverse effect on Plaintiff's ability to obtain employment was complete and up to date. *See* Cal. Civ. Code § 1786.28(b).

39. Defendant is liable to Plaintiff for the greater of actual damages or $10,000, along with costs of suit and reasonable attorneys' fees. *See* Cal. Civ. Code § 1786.50.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly aggrieved persons, pray for judgment against Defendant as follows:

1. For an order certifying this matter as a class action and appointing Plaintiff and his undersigned counsel to represent the Class in this litigation;

2. A judgment requiring Defendant to pay statutory and compensatory damages as required by law, as well as reasonable attorneys' fees and costs of suit;

3. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: January 25, 2020                     By: _____

**BENJAMIN GUBERNICK** (SB# 321883)
Gubernick Law P.L.L.C.
10720 W. Indian School Rd., Suite 19, PMB 12
Phoenix, AZ 85037
(734) 678-5169
ben@gubernicklaw.com

---and---

**MARSHALL C. SANDERS** (SB #52769)
Law Offices of Marshall C. Sanders
P.O. Box 7190
Van Nuys, CA 91409
(818) 368-5345
(818) 475-5117 (FAX)
mcsanderslaw@gmail.com